IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Amanda J. Gilbert, Administrator, etc., | Case No. 3:06 CV 1573 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Norfolk Southern Railway Company, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand (Docket No. 10), Defendants' Opposition (Docket No. 12), and Plaintiff's Reply (Docket No. 13). The Motion was further discussed at the Case Management Conference on September 22, 2006.

This case involves a railroad grade crossing accident. Plaintiff is the Administrator of the Estate of Daniel Clore. Clore died as a result of the collision when his truck struck the side of a Norfolk Southern train at the Route 2 crossing in Ottawa County, Ohio. In addition to Norfolk Southern, Plaintiff named the three members of the train crew as Defendants. Defendants timely removed the case to this Court alleging that the crew members, all of whom are Ohio residents, were fraudulently joined to defeat diversity jurisdiction.

To defeat a Motion to Remand, Defendants must demonstrate that Plaintiff cannot establish a "colorable cause of action" under Ohio law. *Jerome-Duncan, Inc. v. Auto-By-Tel*, 176 F.3d 904, 907 (6th Cir. 1999). Disputed questions of fact or ambiguities in the law must be resolved in favor of the Plaintiff. *Coyne ex rel Ohio v. American Tobacco*, 183 F.3d 488, 493 (6th Cir. 1999).

The Complaint alleges negligence and wrongful death, and seeks both compensatory and punitive damages. Plaintiff relies primarily on the Ohio case of *Matkovich v. Penn Central*, 69 Ohio St.2d 210 (1982) in support of the claim that Defendants owed a duty of ordinary care to protect the safety of motorists. Specifically, Plaintiff claims that the train crew had a duty to warn motorists of the train occupying the crossing at nighttime. Plaintiff submits an affidavit of an "expert," Colon Fulk, opining that the crew members should have placed flares or a "live flagman" at the crossing. Fulk, a former employee of Defendant Norfolk Southern, cites no railroad rule or regulation in support of this conclusion, and affidavits submitted by the Defendant crew members state there is no such rule or procedure. Defendants also point out that *Matkovich* speaks to a "railroad's duty" to prevent accidents and does not address separate liability for the individual crew members. Plaintiff does not allege that the crew members were acting outside the scope of their employment so as to render them separately liable for any negligence claims.

The Ohio common law and statutes do place a duty on the part of an engineer to ring the bell and whistle and keep a lookout as a train approaches the crossing. However, this is the more unusual case of an accident occurring while the train is already occupying the crossing where those engineer's duties do not apply. *Nye v. CSX*, 437 F.3d 556, 566 (6th Cir. 2006). Further, Defendants point out that the conductor and brakeman were performing switching operations at the rear of the train some half mile from the crossing.

This matter is very similar to the situation in *Szymanski v. CSX*, Case No. 3:06-CV-7097, 2006 U.S. Dist. LEXIS 35405 (N.D. Ohio June 1, 2006), which also involves a railroad crossing death where defendants contend that railroad employees have been fraudulently joined. In that case, Judge James Carr observes as follows:

2

>What's going on is easy to understand. Plaintiff has asserted state law claims against individual defendants, who are residents of Ohio, to keep the case in state court. The defendant railroad, which clearly is a diverse party, and which would appear to be judgment worthy for any judgment [unlike in all likelihood, any of the individual plaintiffs], wants to have the case heard in this court.

In *Szymanski*, the court allowed plaintiff the opportunity to uncover some negligence on the part of any of the individual defendants in support of the motion to remand. This Court will allow Plaintiff the same opportunity.[1]

The Court also finds instructive *Petre v. Norfolk Southern Corporation*, U.S. District Court, Northern District of Ohio, Case No. 3:03 CV 7223, Docket No. 31, filed Dec. 31, 2003. In that case, also a railroad crossing accident, plaintiff tried to join two employees after the case had been removed. Judge David Katz noted:

>As a consequence, the Court believes that the only reason for seeking to add them is to destroy federal jurisdiction, which would frustrate NRSC's choice to have this matter heard in this forum. . . . Moreover, neither need be joined to avoid prejudice to Plaintiff, as a principal is liable for the tortious acts of its employees committed within the scope of their employment.

*Id.* at p. 12 (citations omitted)

Plaintiff's counsel argued at the Case Management Conference that the punitive claims in Count V are sufficient to establish a "colorable cause of action" and remand this case because punitive awards do not create joint and several liability, suggesting that the Plaintiff could not recover punitives from the employer for the actions of the employees. However, Plaintiff requested joint and several liability for Count V in the Prayer of the Complaint.

---

[1] The Court notes that Plaintiff's counsel in the instant case is also counsel for Plaintiffs in *Szymanski*, though *Szymanski* was not cited in the briefing before this Court.

Therefore, Plaintiff's Motion for Remand is held in abeyance, allowing parties leave until on or before **January 19, 2007** to file simultaneous briefs (following the exchange of Rule 26(a) disclosures and limited discovery regarding potential liability of the individual Defendants) for the Court's further consideration of Plaintiff's Motion to Remand.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        September 29, 2006