IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda J. Gilbert, Administrator of the            Case No.3:06CV1573
    Estate of Daniel R. Clore, Deceased,

        Plaintiff,

    v.

Norfolk Southern Railway Co., *et al.*,                        ORDER

        Defendants.

This is a wrongful death case, in which plaintiff, the Administrator of the Estate of Daniel Clore, alleges Clore's death was caused by defendants' negligence. The case involves a railroad grade crossing accident: Clore died when his truck collided with a Norfolk Southern train that was stopped on the tracks. Currently pending is plaintiff's motion to remand, and plaintiff's motion to certify a question to the Ohio Supreme Court. For the reasons set forth below, the motion to remand shall be granted, while the motion to certify shall be denied.[1]

**Background**

---

[1] The motion to certify would seek a determination as to whether members of a train crew had a duty to provide additional warning about a crossing. For two reasons that motion shall be overruled. First, the motion is essentially fact-based. It has been my experience with motions to certify that the Ohio Supreme Court generally declines to accepted fact-based or fact-intensive questions. So the likelihood that this case would be accepted is sufficiently slight as to make certification probably futile. Second, I conclude, in any event, that a *bona fide* claim of negligence has been stated, so that certification is not necessary.

Shortly after one o'clock in the morning, on April 11, 2006, Daniel Clore, who was driving a truck on Ohio State Route 2, a four-lane highway in Ottawa County, crashed into a train that was stopped at the crossing. He was killed in the collision.

The train, directed by the crew members, was exchanging twenty loaded cars for twenty empty cars on a siding located to the north of State Route 2, across which the access track ran. The crew chose to exchange the cars by switching tracks repeatedly to unhook the full cars and hook new cars. In the process, the train would pull forward, stop and block State Road 2, and then reverse.

The crosssing is "unguarded"; there were neither crossing gates nor flashing signals to alert oncoming traffic that the tracks were ahead. Notice was, rather passive, and given by standard crossbucks. The crew did not light any fusees or flares. Some other vehicles were, however, stopped, waiting for the crossing to clear.

After the crash, Clore's estate brought the present action in state court against Norfolk Southern Railway Co. (Norfolk Southern) and individually against crew members – the engineer, conductor, and brakeman. Norfolk Southern removed the case to federal court alleging fraudulent joinder of the crew.

**Standard of Review**

A case may be removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b). Under Section 1441(b), if any of the defendants are of the same state as the plaintiff, the case belongs in state court. A case may likewise be remanded under 28 U.S.C. § 1447(c), provided the district court determines "the case was removed improvidently and without jurisdiction."

**I. Fraudulent Joinder**

In the present case, the plaintiff and crew are Ohio citizens. The burden is on Norfolk Southern, as the removing party, to prove the crew was fraudulently joined, and therefore establish this Court's diversity jurisdiction.

The Supreme Court addressed fraudulent joinder of train crew members almost a century ago in *Chesapeake & Ohio R. Co. v. Cockrell*, 232 U.S. 146 (1914). In *Cockrell*, plaintiffs brought claims of negligence against the railroad company, as well as against the engineer and the fireman. *Id.* at 150. The railroad contested the charges against the engineer and fireman as untrue and unsustainable. *Id.* at 151. The Supreme Court found the engineer and fireman were correctly joined. *Id.* at 152-54.

The Court found the claim in *Cockrell* "stated a good cause of action against the resident defendants," and was a logical application of Kentucky's rules of joint liability between defendants. *Id.* at 152-53. "As thus stated the case was not removable, the joinder of the resident defendants being apparently the exercise of a lawful right." *Id.* at 153. Furthermore, the Court stated, "[a]s they admittedly were in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company." *Id.*

The Fifth Circuit has recently decided several cases involving alleged fraudulent joinder of individual crew members. *Marshall v. Kansas City Southern R. Co.*, 378 F.3d 495 (5th Cir. 2004); *McKee v. Kansas City Southern R. Co.*, 358 F.3d 329 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003). In *Travis*, the plaintiff in a wrongful death suit filed claims of negligence against both the railroad and the engineer operating the train. The joinder of the engineer defeated diversity jurisdiction. The Fifth Circuit found joinder appropriate, declaring,

>[t]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable, and is not fraudulent in fact or in law.

358 F.3d at 647 (citing *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)).

To prove fraudulent joinder, Norfolk Southern must prove the plaintiff cannot establish a "colorable cause of action" against the defendants in an Ohio state court. *Coyne v. American Tobacco Co.,* 183 F.3d 488, 492-93 (6th Cir. 1999). "Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.* at 493. Furthermore, this Court "must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party . . . all doubts as to the propriety of removal are resolved in favor of remand." *Id.* This Court shall not consider the merits of the claims or defenses. *Wiseman v. Universal Underwriters Ins. Co.*, 412 F.Supp.2d 801, 803 (S.D. Ohio 2005).

Norfolk Southern alleges plaintiff's claims of negligence and for punitive damages against the crew fail because there is no established duty of care owed by the crew to the public.

The elements of a negligence claim in Ohio are: an established duty of care to the plaintiff, a breach of that duty of care, and finally that the breach proximately cause the injury to the plaintiff. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 693 (1988). This Court found a crew has a duty of care when the defendant railroad company is charged with "improper operation of the train by its crew." *Gallaga v. Grand Trunk Western Railroad*, 1999 WL 681559, *1 (N.D. Ohio). As stated in *Gallaga*, "the train crew acted exactly within their duty [of "ordinary care"]. Their primary duty was to the people and property in their care." *Id.* at *4.

4

The Ohio Supreme Court clarified a crew member's duty of ordinary care to the general public in *New York, Chicago & St. Louis R. Co. v. Kistler*, 66 Ohio St. 326, 337-39 (1902). In *Kistler*, the Ohio Supreme Court found the engineer, a member of the crew, had a duty to "use the greatest care" for "persons and property in his charge," and merely a duty of "ordinary care" for "persons and property not connected with the train." *Id.* Ohio courts subsequent to *Kistler* have also found crew members owe a duty of ordinary care. *See, for example, Sutton v. Wheeling & Lake Erie RR*, 2005 WL 3537537 (Ohio App.) (when velocity of train pulled a child underneath it, the court could "find nothing in the record that indicates the train crew did not exercise ordinary care, as they had maintained a proper lookout, kept the train at a lawful rate of speed and had rung the warning bell well before they came upon the children").

Plaintiff has sufficiently established, for purposes of the motion to remand, a duty of care owed by the crew that, under the facts pled, could have been breached, thus leading to the death of Daniel Clore. Because there is a valid state law claim against the crew for duty of care, there was no fraudulent joinder. With the crew appropriately joined, diversity is defeated. The case shall be remanded to state court.

The motion to certify the question of whether Ohio law holds individual train crew members to have a duty of care to the motoring public is denied.[2]

---

[2]

The parties also debate the issue of whether any state common law duty of care is completely preempted by federal law. Because this is a question that can be answered by the State court, *see Cunningham v. Aultcare Corp.*, 2003 WL 21379306 (Ohio App.) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987))*,* and because my decision re. joinder implicitly finds no jurisdiction was ever properly lodged in this court, I leave the issue of preemption [which, in this case, is a defense to the ability of the plaintiff to maintain her common-law negligence claim] to the State court. *See generally Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, (5th Cir. 2004) (en banc) (holding that if a district court concludes that it has no jurisdiction due to improper joinder, proper course is to remand and leave preemption issue, which would apply to claims against all defendants,

**Conclusion**

It is accordingly

ORDERED THAT plaintiff's complaint be, and the same hereby is, remanded to the Court of Common Pleas, Lucas County. Plaintiff's motion to certify a question to the Ohio Supreme Court is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

for adjudication by the state court); *Smith v. Canadian National/Illinois Cent. R.R.*, 2007 WL 922308, *5 (N.D.Miss.) (ordering remand following finding of improper joinder of in-state railroad employee, even though defendant railroad claimed that state law negligence claim was completely preempted; "'[t]he railroad could not remove on the basis of federal question jurisdiction because the only federal question appeared as a defense.'" (citing *Smallwood, supra*).